June 17, 2026

**Supreme Court**

No. 2025-16-M.P.
(PC 19-9527)

Peter A. O'Rourke          :

v.          :

Nationwide Mutual Insurance          :
     Company.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Peter A. O'Rourke       :

v.       :

Nationwide Mutual Insurance       :
    Company.

Present: Suttell, C.J., Robinson, and Long, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.** This case presents the following question: Is the determination of whether the particular use of a non-owned automobile constitutes a "regular use" within the meaning of an insurance policy providing uninsured/underinsured motorist coverage a question of fact to be resolved by the factfinder? The plaintiff, Peter A. O'Rourke, filed a petition for writ of certiorari seeking review of a Superior Court order granting a motion filed by the defendant, Nationwide Mutual Insurance Company (defendant or Nationwide), to discharge a jury after the plaintiff had rested at trial. Before this Court, the plaintiff argues that the trial justice (1) violated his right to a jury trial by granting the defendant's motion when there were still factual issues to be resolved, and (2) violated the law of the case doctrine by disregarding the hearing justice's earlier

- 1 -

decision denying the defendant's motion for summary judgment on identical grounds.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we quash the order of the Superior Court.

# I

## Facts and Travel

The following facts are undisputed.[1] The plaintiff began working for Verizon in 1995. At the time of the accident, he had been employed in the company's proactive maintenance department for three years. Unless plaintiff was working overtime, which he sometimes did, his typical working hours were from 7 a.m. to 3:30 p.m. Each workday, he drove his personal vehicle to the same Verizon location, 100 New England Way, Warwick, Rhode Island (Verizon Warwick). This vehicle remained parked at Verizon Warwick for the duration of his shift.

---

[1] At the behest of the trial justice, the parties submitted a stipulated statement of undisputed facts.

Upon arrival at Verizon Warwick, plaintiff joined a conference call and was given his assignment(s) for the day by his manager, Anita Sammartino.  As was the policy for all Verizon employees, plaintiff exclusively operated a Verizon vehicle (here, a bucket truck) during his shift.  For the entirety of the three years that plaintiff worked in the proactive maintenance department, he was assigned the same bucket truck, and he had his own set of keys to this specific vehicle.

Generally, plaintiff worked in the East Bay area, including Tiverton, Portsmouth, Newport, Little Compton, Warren, and Jamestown.  He operated the bucket truck "100% of the time for transportation back and forth between Verizon Warwick and his assigned work locations * * *."  Additionally, he was permitted to use the vehicle to get gas, using a gas card provided and paid for by Verizon, and to "stop and get a drink" on his way back to Verizon Warwick at the end of his shift.  However, it was understood that he could not use the bucket truck for personal use.  For example, he was not allowed to use the bucket truck for "joyriding," to take it home, or to complete personal errands.

The bucket truck was stocked with specialized tools that were specific to plaintiff's duties, and, additionally, he kept jackets and sweatshirts, a change of clothes, and a lunch inside.  However, Verizon did not allow technicians to bring items onto the bucket truck that "did not have a specific work purpose."  Unless he

was out for the day or on vacation, in which case the bucket truck may have become available for another technician's use, he was the sole driver.

The plaintiff typically worked with a partner, John Genannt. Genannt was assigned to a Verizon location in Warren, Rhode Island, and operated an underground truck.[2] The pair would meet in the general vicinity of the location of their daily assignment, each driving their respective Verizon vehicles. On February 8, 2018, plaintiff was assigned to perform maintenance with Genannt at a location in Tiverton. The plaintiff was driving the bucket truck from Verizon Warwick to this location when he was rear-ended by another vehicle. He alleged to have "sustained personal injuries as a result of the [a]ccident."

At the time of the accident, plaintiff owned two personal vehicles, each insured with defendant, Nationwide. His policy provided that Nationwide "will pay compensatory damages, including derivative claims, which are due by law to you or a relative from the owner or drive[r] of an uninsured motor vehicle because of bodily injury suffered by you or a relative." However, the policy also included an exclusion for regular use, stating that "[c]overage does not apply to [b]odily [i]njury suffered while occupying a motor vehicle furnished for the regular use of you or a relative

---

[2] The plaintiff testified that the underground truck was used "for working in the manholes, when we have cable failures * * *."

- 4 -

but not insured for Auto Liability Coverage under this policy." The plaintiff made an uninsured/underinsured motorist claim against Nationwide under his policy.

On September 9, 2019, after completing an investigation and taking plaintiff's statement under oath, Nationwide issued a letter denying his claim on the basis that the Verizon bucket truck "was furnished and/or available for [Mr. O'Rourke's] regular use under the policy exclusion quoted above and there is, therefore, no coverage for this loss." Following this denial, on September 17, 2019, plaintiff filed a complaint in Providence County Superior Court seeking a "declaratory judgment that Defendant Nationwide breached its contract with Mr. O'Rourke to provide uninsured motorist coverage."

On January 29, 2021, over a year after the legal proceedings began, defendant filed a motion for summary judgment. It argued that the material facts were not in dispute and that the regular use exception in plaintiff's policy barred his right to recovery. A justice of the Superior Court (the hearing justice) denied defendant's motion for summary judgment, stating that "what constitutes regular use, in this [c]ourt's opinion, under these particular facts, is still open for debate and reasonable minds may differ." While noting that he could side with defendant "from a very common sense point of view," the hearing justice also indicated that plaintiff "has articulated some reasons why a jury might consider otherwise * * *." Ultimately, he

concluded that "it's not this [c]ourt's place to make a determination on a factual basis alone as to [whether] this qualifies as a regular use * * *."

On September 27, 2024, defendant again moved for summary judgment. The case proceeded to trial before the motion was heard. The trial was held before a second justice of the Superior Court (the trial justice). As part of the pretrial order, the trial justice ordered the parties to submit a joint statement of undisputed facts. The parties complied, submitting eighty-seven undisputed facts.

Trial commenced on December 2, 2024. Over the course of two days, both plaintiff and Sammartino testified. Following Sammartino's testimony, plaintiff rested. The defendant then moved to have the jury discharged, arguing that "the jury's determinations have ended. They are the fact finder. The facts are agreed to." The trial justice granted defendant's motion, stating, "It all comes down to the regular use exclusion in the Nationwide policy that Mr. O'Rourke has for his two * * * personal vehicles." He added, "The question is, I think it's a legal question, does the exclusion and his personal automobile insurance policies exclude -- it does exclude regular use."

Thereafter, plaintiff filed a motion to stay the proceedings in the Superior Court and petitioned this Court for a writ of certiorari to review the trial justice's order. The trial justice granted plaintiff's motion to stay, and this Court granted plaintiff's prayer on March 10, 2025.

## II

## Standard of Review

"It is well settled that this Court's review of a case on certiorari is limited to an examination of the record to determine if an error of law has been committed." *Barnes v. Hodys*, 307 A.3d 173, 179-80 (R.I. 2024) (quoting *State ex rel. Coventry Police Department v. Charlwood*, 224 A.3d 467, 469-70 (R.I. 2020)). "When conducting such a review, this Court does not weigh the evidence on certiorari, but rather, limits its review to questions of law raised in the petition." *Id.* at 180 (quoting *Charlwood*, 224 A.3d at 469-70).

## III

## Discussion

The plaintiff first contends that the trial justice violated his right to a trial by jury by discharging the jury before deliberations. He cites to the Rhode Island Constitution, guaranteeing that the right to trial by jury "shall remain inviolate[,]" and G.L. 1956 § 9-30-9, indicating that "[w]hen a proceeding under this chapter involves the determination of an issue of fact, that issue shall be tried and determined in the same manner as issues of fact are tried and determined in other civil actions, and the right of trial by jury shall not be abridged." The plaintiff asserts that, pursuant to *Ricci v. United States Fidelity and Guaranty Company*, 110 R.I. 68, 290

A.2d 408 (1972), this Court "held that 'regular use' is a question of fact" and as such, this determination should have been sent to the jury.

The defendant argues, conversely, that plaintiff was afforded a jury trial, stating that "[t]his matter went to trial in front of a jury; testimony was taken and the Stipulated Statement of Undisputed facts were submitted into evidence." Nationwide maintains that no material facts remained in dispute, and "[w]hen material facts of the case are undisputed, the issue before the [c]ourt becomes one of contract interpretation." Thus, it argues that "the next step was for the [c]ourt to apply the facts to the law and determine whether 'regular use' was apparent here and applied as an exclusion to the policy."

We agree with plaintiff that *Ricci* is controlling and that the determination of "regular use" was a question of fact for the jury to decide. In *Ricci*, the plaintiff was driving a company-owned vehicle on his way home from a work event when he struck and injured a pedestrian. *Ricci*, 110 R.I. at 69, 290 A.2d at 409. He was also a named insured under a family automobile policy that, similar to the policy at issue in this case, covered operation by the plaintiff of a non-owned automobile not furnished for his regular use. *Id.* at 71, 290 A.2d at 410. The plaintiff asked the insurer to extend coverage, and it refused, prompting him to commence suit. *Id.* Sitting as the factfinder, the trial justice found that the plaintiff's use of the vehicle "did not come within the definition of 'regular' and that therefore his family

- 8 -

automobile policy covered him and the company car he was operating at the time of the accident." *Id.* at 73, 290 A.2d at 411-12.

On appeal, the defendant insurer argued that it was exempt from liability under the policy because the car that the plaintiff was driving at the time of the accident was, in fact, one furnished for his regular use. *Ricci*, 110 R.I. at 74, 290 A.2d at 412. This Court definitively stated that "[t]his argument presents both a question of fact and one of law." *Id.* We surveyed the pertinent case law, and found that the following propositions were generally agreed to among courts that had addressed the issue:

> "(1) The question whether the particular use of a 'non-owned' automobile is a 'regular use' within the meaning of the policy is a question of fact.
>
> "(2) That no hard and fast rule has been or can be established for determining this question but that each case must stand or fall upon an examination of the facts in the particular case.
>
> "(3) The purpose of the so-called 'drive other automobiles' clause is to cover casual or occasional use of other cars. Any other interpretation would subject the insurance company to greatly added risks without the payment of additional premiums. It is the availability of the car and the number of times it is used that should be the criteria." *Id.* at 77-78, 290 A.2d at 413-14 (internal citations omitted).

We then put forth several "signposts" to assist the factfinder in making this determination. *Id.* at 78, 290 A.2d at 414.

- 9 -

"1. Was the use of the car in question made available most of the time to the Insured?

"2. Did the insured make more than mere occasional use of the car?

"3. Did the insured need to obtain permission to use the car or had that been granted by blanket authority?

"4. Was there a purpose for the use of the car in the permission granted or by the blanket authority and was it being used for such purpose?

"5. Was it being used in the area where such car would be expected to be used?" *Id.* (quoting *Farm Bureau Mutual Automobile Insurance Company v. Marr*, 128 F.Supp. 67, 70 (D.N.J. 1955)).

In the case at bar, plaintiff contends that, at the time of defendant's motion to discharge the jury, there was no question that the parties disagreed on all five of the *Ricci* "signposts" as well as the overarching question of whether Verizon furnished the bucket truck to plaintiff for his regular use. The defendant counters that "[t]hese facts cannot be disagreed upon as they are incorporated or referenced into the Stipulated Statement of Undisputed Facts."

In granting defendant's motion, the trial justice stated:

"The bottom line is the interpretation of the contract being an insurance policy. It's ambiguous. The Ricci case said it was a mixture of law and fact when it made that decision in 1972. It all comes down to the regular use exclusion in the Nationwide policy that Mr. O'Rourke has for his two Mazda vehicles, his personal vehicles."

- 10 -

Yet, he went on to state, "I think it's a legal question[,]" adding, "At this time I think it's too ambiguous to present this issue to a jury of lay people, and I think it's better handled in another way." Considering this stated reasoning for granting defendant's motion, it appears that the trial justice's decision was based on a conflation, or what he characterized as a "mixture of law and fact[,]" that we recognized in *Ricci*, not a belief (in agreement with defendant's argument) that no factual issue remained to be resolved by a jury.

As discussed *supra*, in *Ricci* the defendant insurer argued—as the defendant does here—that it was exempt from liability under the policy because the car that the plaintiff was driving at the time of the accident was one furnished for his regular use. *See Ricci*, 110 R.I. at 74, 290 A.2d at 412. This Court stated that the argument presented both a question of fact and law, later recognizing, explicitly, that "[t]he question whether the particular use of a 'non-owned' automobile is a 'regular use' within the meaning of the policy is a question of fact." *Id.* at 74, 77, 290 A.2d at 412, 13. This Court has never adopted a different interpretation and, as such, to the extent that the trial justice's ruling informs that the determination of regular use is a question of law, we must disagree. We conclude, therefore, that the trial justice erred by granting the defendant's motion to discharge the jury.[3]

---

[3] In light of our mandate remanding this case for a new trial, we need not address plaintiff's argument that the trial justice violated the law of the case doctrine.

**IV**

**Conclusion**

Accordingly, we quash the order of the Superior Court and remand for a new trial consistent with this opinion.


Justice Goldberg and Justice Lynch Prata did not participate.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Peter A. O'Rourke v. Nationwide Mutual Insurance Company. |
| **Case Number** | No. 2025-16-M.P.<br>(PC 19-9527) |
| **Date Opinion Filed** | June 17, 2026 |
| **Justices** | Suttell, C.J., Robinson, and Long, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice R. David Cruise |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Charles N. Garabedian, Esq. |
| | For Defendant:<br><br>C. Russell Bengtson, Esq. |